```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**JAMES BRENT WATTS,**

                **Petitioner,**

        v.                                            **CASE NO. 05-3205-SAC**

**AMY THIEL, et al.,**

                **Respondents.**

## O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. 2254. By an order entered on May 17, 2005 (Doc. 3), the court directed petitioner to show cause why this matter should not be dismissed without prejudice due to a pending state court action.

Petitioner filed a motion for order to show cause (Doc. 4) and a motion to supplement the petition (Doc. 5). The court has examined these pleadings and enters the following order.

This action is petitioner's third application for habeas corpus. The first action, Case No. 04-3476-SAC, <u>Watts v. Thiel</u>, was dismissed without prejudice on February 8, 2005, upon the motion of the respondents. The basis for the motion to dismiss was the pendency of a state post-conviction action and the consequent inaccessibility of the state court record. Petitioner

did not appeal from that order.

Petitioner filed a second application for habeas corpus relief on March 9, 2005, in Case No. 05-3118-SAC, <u>Watts v. Thiel</u>. The court noted the pending state court action and entered a sua sponte dismissal without prejudice of that matter on April 14, 2005. Petitioner did not appeal.

On May 5, 2005, petitioner filed the present action. In response to the court's order to show cause, petitioner states the claims that he presents in this action are not the same as those presented in the pending state court action.

After careful consideration, the court concludes that dismissal without prejudice is appropriate in this action. First, due to the pendency of the state court action, the state court records remain in the possession of the state courts. Second, there is a risk that if petitioner later seeks to pursue federal relief on the claim now pending in the state courts, his action may be barred as a successive petition. <u>See</u> 28 U.S.C. 2244(b)(3)(requiring authorization from the federal court of appeals to pursue a successive application for habeas corpus). Third, there is a preference for avoiding piecemeal litigation in habeas corpus actions. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 520 (1982)(approving rule to reduce such fragmented litigation and stating, "the district court will be more likely to review all of the prisoner's claims in a single proceeding, thus proving for a

more focused and thorough review.")  Finally, because the limitation period is tolled during the pendency of a properly-filed state court action for post-conviction relief, see 28 U.S.C. 2244(d)(2), and because petitioner is no longer incarcerated, the court concludes that any delay resulting from a dismissal without prejudice will not be unduly harsh.

IT IS THEREFORE ORDERED this matter is dismissed without prejudice.

IT IS FURTHER ORDERED petitioner's motions for an order to show cause (Docs. 2 and 4) are denied.

IT IS FURTHER ORDERED petitioner's motion to supplement (Doc. 5) is granted.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 13th day of July, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3